854 F.2d 1318
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Luis Guillermo OSORIO, a/k/a Carlos, a/k/a Luis, Defendant-Appellant.
 No. 88-5523.
 United States Court of Appeals, Fourth Circuit.
 Argued June 10, 1988.
Decided July 26, 1988.
 
 Frank Anthony Rubino for appellant.
 David Bernard Smith, Assistant United States Attorney (Robert H. Edmunds, Jr., United States Attorney, Becky M. Strickland, CLA, Paralegal Specialist on brief) for appellee.
 Before LEWIS F. POWELL, Associate Justice (Retired) United States Supreme Court, sitting by designation, JAMES DICKSON PHILLIPS and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Luis Osorio appeals his conviction, following a jury trial, of conspiracy to distribute cocaine, in violation of 21 U.S.C. Sec. 846, and use of a facility in interstate commerce (the telephone) to promote a business enterprise involving controlled substances, in violation of 18 U.S.C. Sec. 1952(a)(3). The sole issue on appeal is whether the district court erred in excluding certain documentary evidence offered by Osorio to prove the partial alibi defense that he was out of the country during part of the time covered by the indictment. We find no error in the district court's evidentiary rulings and therefore affirm.
 
 
 2
 * Osorio contends first that the district court erred in refusing to admit the written statement of a Guatamalan immigration official, Milton Garcia. Garcia's statement, which was in affidavit form, stated that he had before him a report rendered by the Inspectorship Division of the Guatamalan Department of Immigration which indicated that Osorio had entered Guatamala on September 10, 1986 and departed it on September 14, 1986, a fact which, if true, would have supported Osorio's alibi defense. Garcia's signature was certified as genuine by the Guatamalan Minister of the Interior; the Minister of the Interior's signature was certified as genuine by the Guatamalan Minister of Foreign Affairs; and the Minister of Foreign Affairs' signature was certified as genuine by the American Consul. Garcia was not called as a witness at trial, however, and both the Minister of the Interior and the Minister of Foreign Affairs specifically disclaimed responsibility for the contents of his statement. The district court excluded the Garcia document as double hearsay that Osorio had not shown to be within any exception. We agree.
 
 
 3
 Garcia's statement was double hearsay because it was offered not only for the truth of the assertion it contained--that Garcia had before him a report saying that Osorio was in Guatamala at a certain time--but also, and ultimately, for the truth of the assertion made in the report Garcia was describing--that is, that Osorio was in fact in Guatamala during that period. The first link in the hearsay chain, the report prepared by the Inspectorship Division, might have been admissible as a public record under Fed.R.Evid. 803(8). See United States v. Grady, 544 F.2d 598, 604 (2d Cir.1976) (Irish police records). But Osorio has failed to establish that the second link--Garcia's description of the contents of the Inspectorship Division report--falls within any exception to the hearsay rule. As the district court noted, the statement was not admissible under the statutory exception for foreign business records, 18 U.S.C. Sec. 3505, because it was not itself a record kept in the course of regularly conducted business activity. Moreover, the circumstances of its preparation--in particular, the disclaimer issued by Garcia's superiors--indicate lack of trustworthiness. While the statement might conceivably have been admitted as a public record under Fed.R.Evid. 803(8), Osorio has not made the requisite showing that Garcia was acting within his official duties as an immigration official when he examined the report and wrote out the statement describing its contents. Even if Osorio had made such a showing, the district court would not have abused its discretion in refusing to admit Garcia's statement under Rule 803(8) because the circumstances of its preparation indicated lack of trustworthiness. Since Osorio has not suggested that Garcia's statement fell within any other exception to the hearsay rule, we conclude that the district court did not err in refusing to admit it.*
 
 II
 
 4
 Osorio next contends that the district court erred in refusing to admit American passports belonging to Osorio and his wife, which bore stamps--allegedly made by the appropriate Guatamalan authorities--indicating that the Osorios had entered Guatamala on September 10, 1986 and departed it on September 14, 1986. The passports were offered to prove that Osorio had in fact been in Guatamala during that period. The district court held that the passports were inadmissible because they had not been properly authenticated. We agree.
 
 
 5
 Osorio argues first that the passports were admissible without testimonial authentication under Fed.R.Evid. 902(1) as self-authenticating domestic public documents under seal. The district court properly rejected this argument on the ground that the passports did not bear the official attestation of any official of the United States. Osorio then attempted to obtain their admission by having the clerk of a local passport office testify that in his opinion they were authentic United States passports. The district court properly rejected this effort because the clerk had not issued these particular passports and thus did not have personal knowledge of their authenticity. Osorio tried next to secure their admission as public records under Fed.R.Evid. 901(b)(7). Once again, the district court properly rejected this argument on the ground that the specific documents in issue were not public records in the custody of the government but the original passports themselves, which had been in the custody of the Osorios since their issuance and therefore could be authenticated only by them.
 
 
 6
 Finally, Osorio contends that the passports were admissible without testimonial authentication under Fed.R.Crim.P. 27, which permits proof of an official record in the same manner as in civil actions, and Fed.R.Civ.P. 44(a). His argument is that the passports were "official publications" of "official records" within the meaning of Rule 44(a) because they bore the seal and stamp of the Department of State attesting to certain facts about the holder which were matters of public record--e.g., his name, date of birth, citizenship, and address. The district court correctly rejected this argument on the ground that the passports were not being offered to prove the matters of record to which the State Department's seal attested, but rather the dates of entry into and exit from Guatamala, which could be attested to only by the Guatamalan authorities who had affixed them. See United States v. Weiss, 491 F.2d 460, 465-66 (2d Cir.1974). Since the attestation from the Guatamalan authorities was, as indicated, inadmissible hearsay, there was no error in excluding the passports.
 
 
 7
 Osorio's other assignments of error do not warrant discussion.
 
 
 8
 AFFIRMED.
 
 
 
 *
 Osorio's reliance on Fed.R.Evid. 902(3) or, in the alternative, the combination of Fed.R.Crim.P. 27 and Fed.R.Civ.P. 44(a)(2), is misplaced. The issue here is not whether the document proffered was properly authenticated, but whether it is admissible notwithstanding its hearsay nature